UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRIS J. SCHROEDER,

       Plaintiff,

v.                                              Case No. 22-11509

DARRYL E. SCHROEDER,

       Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED**
***IN FORMA PAUPERIS* AND *SUA SPONTE* DISMISSING THE COMPLAINT**

       Before the court is Plaintiff Chris J. Schroeder's pro se complaint and application to proceed without prepaying fees or costs. (ECF Nos. 1, 2.) For the reasons below, the court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) but will *sua sponte* dismiss the complaint pursuant to the Federal Rule of Civil Procedure 12(h)(3).

## I.  BACKGROUND

       Plaintiff brings this lawsuit against Defendant Darryl E. Schroeder, the trustee for the Schroeder Living Trust (the "Trust"). The specific cause of action alleged is unclear, but ostensibly Plaintiff contends that Defendant breached his duty under the Trust. Specifically, the complaint asserts that Defendant failed to make Trust distributions to Plaintiff in the amount of $45,000 ($1,500 per month) between November 2019 through April 2022, which also cost him $31,250 in wages. (ECF No. 1, PageID.5-6, 23.)

Additionally, Plaintiff claims that he is entitled to future damages[1] if $125,000[2] of the Trust property is not immediately deposited into a savings account to pay for his anticipated education expenses. (*Id.*, PageID.6-8, 23).

## II. STANDARD

A court may authorize a party to commence, prosecute, or defend an action or proceeding "without prepayment of fees" where the person submits an affidavit stating that they are unable to pay the fees associated with the case. 28 U.S.C. § 1915(a)(1). Whether to grant or deny an application to proceed *in forma pauperis* is within the discretion of the district court. *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004). But when the court grants the application, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a claim upon which relief may be granted, the court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Even if a plaintiff is not proceeding *in forma pauperis*, federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549

---

[1] Plaintiff concedes that by the time the complaint is filed, he has suffered "no actual damages" from the lack of an investment in an education saving account. (ECF No. 1, PageID.23.)

[2] It is unclear if Plaintiff is claiming damages of $125,000 or of the loss of potential return from $125,000 investment. This, however, is not material to the court's analysis.

F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). "The question of subject matter jurisdiction may be raised at any time, whether at the suggestion of the parties or *sua sponte* by the court." *Lexington-Fayette Urban County Gov't Civil Service Comm'n v. Overstreet,* 115 F. App'x 813, 816 (6th Cir.2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

In support of his application to proceed without prepaying fees or costs, Plaintiff has submitted an affidavit attesting to his income and financial obligations. (ECF No. 2.) Therein, Plaintiff states that he is unemployed, is "without a place to stay," and that his limited assets are offset by over $10,000 in debt. (*Id.*). The court finds that Plaintiff is entitled to proceed *in forma pauperis* and grants his application to proceed without prepayment of the filing fee and costs. *See* 28 U.S.C. §1915(a)(1).

However, the court will dismiss Plaintiff's complaint for want of subject matter jurisdiction. Here, the complaint invokes diversity jurisdiction. (ECF No. 1, PageID.3.) Diversity jurisdiction is provided in 28 U.S.C. § 1332. In pertinent part, that statute states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different states." 28 U.S.C. § 1332(a)(1). Therefore, the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000, and (2) that complete diversity exist between the disputing parties. As

3

the party seeking to invoke the court's jurisdiction, Plaintiff bears the burden of establishing the court's authority to hear his case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

On the face of the pleading, diversity of citizenship is seemingly complete. (ECF No. 1, PageID.4.) But, notwithstanding Plaintiff's assertions of damages in exceed of $75,000, "it is apparent, to a legal certainty, that [Plaintiff] cannot recover the [jurisdictional] amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938); *see Mosley v. Equifax, Inc.,* No. 19-11226, 2019 WL 2539349, at *1 (E.D. Mich. Jun. 20, 2019) (saying that the "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction") (quoting *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967)). Giving a generous reading of the complaint,[3] the court finds that Plaintiff can only plausibly claim damages as high as $45,000, the alleged amount of unpaid Trust distribution payments.[4]

First, Plaintiff's demand for $31,250[5] in wages loss is purely speculative and thus cannot be considered in calculating the amount of controversy. *See Brown v. Randell*, 852 F.2d 568 (6th Cir. 1988) (Table) (holding that speculative damages could not meet

---

[3] The court notes that although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

[4] When deciding whether the amount in controversy has been satisfied, the court examines the complaint at the time it was filed. *See Klepper v. First American Bank*, 916 F.2d 337 (6th Cir. 1990) (citing *St. Paul Mercury*, 303 U.S. at 288); *see also Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961).

[5] It is unclear from the complaint how Plaintiff computed this figure.

4

the amount in controversy requirement). The complaint is devoid of any allegations to support wage loss damages that are reasonably ascertainable and attributable to Defendant. Instead, Plaintiff merely conjectures the possibility that the allegedly owed fund could help re-establish his pre-pandemic "deferred salary" (ECF No. 1, PageID.5) and hypothesizes what he could have done with the money (ECF No. 5, PageID.106). That is insufficient to establish a legally permissible claim of damages. *See Zirin Lab'ys Int'l, Inc. v. Mead-Johnson & Co.,* 208 F. Supp. 633, 635 (E.D. Mich. 1962) ("[I]t is well-established that a plaintiff is not entitled to an award of damages unless both the fact of damage and the amount of damage are established with reasonable certainty; neither may properly be based upon mere speculation, guess, or conjecture.") (citing *Keogh v. Chicago & Northwestern R. Co.,* 260 U.S. 156, 164 (1922); *Story Parchment Co. v. Paterson Co.*, 282 U.S. 555, 563 (1931)); *see Davis v. Equifax, Inc.,* No. 5:20-CV-361, 2020 WL 1493857, at *3 (N.D. Ohio Mar. 27, 2020) (dismissing the complaint that alleged unspecified, speculative, and immeasurable damages) (citing cases).

Plaintiff also fails to plausibly allege his entitlement to damages arising from Defendant's failure to invest in an education fund. *See Charvat v. NMP, LLC*, 656 F.3d 440, 447 (6th Cir. 2011) (saying that "in some circumstances, a pleaded claim may not be used to satisfy the amount-in-controversy requirement 'if it [is] clear from the face of the pleadings' that the claim fails as a matter of law") (citing *Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 232-33 (6th Cir.1997) (alteration in original). Plaintiff asserts that he had the right to an education fund under Section 13.18 of the Trust. (ECF No. 1, PageID.6-7.) Plaintiff misreads that provision, which, in relevant part, states: "Our Trustee *may* purchase tuition credits or certificates or make contributions to an account

5

in one or more qualified tuition programs as defined under Internal Revenue Code Section 529 on a beneficiary's behalf for the purpose of meeting the beneficiary's qualified higher education expenses." (ECF No. 4, PageID.86) (emphasis added). With the word "may" being used, the grantors explicitly "intend[ed] to empower [the] Trustee to act with the Trustee's sole and absolute discretion unless otherwise stated in th[e] Trust." (*Id.*, PageID.97.) Other than Plaintiff's naked assertions, the pleading fails to allege any facts suggesting that the Trustee was obligated to use Trust property to pay for Plaintiff's future MBA and PhD plans or must invest in an educational plan at Plaintiff's direction.

Consequently, Plaintiff has not established the jurisdictional amount in controversy needed to invoke federal diversity of citizenship jurisdiction. If Plaintiff has a cause of action for unpaid Trust distribution payments, an issue on which the court makes no finding, a *federal* court is not the proper forum for his suit. Accordingly, the court will dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's application to proceed without prepaying fees or costs (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

                                                  s/Robert H. Cleland  /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: August 19, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2022, by electronic and/or ordinary mail.

<u>s/Lisa Wagner  /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-11509.SCHROEDER.GrantInFormaPauperisAppandDismissComplaint.NTH.docx