**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

CHRIS J. SCHROEDER,

    Plaintiff,

v.                                                    Case No. 22-11509

DARRYL E. SCHROEDER,

    Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the court is Plaintiff's motion seeking reconsideration of the court's August 19, 2022 Opinion and Order dismissing his complaint. (*See* ECF No. 10.)

The Local Rule governing motions for reconsideration requires that "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)," *See* Local Rule 7.1(h)(1). "A district court may grant a Rule 59(e) motion to alter or amend judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A party may be relieved from a final judgment or order under Rule 60(b) on the following grounds:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60

The court does not find that Plaintiff's filing meets these standards. Plaintiff makes no serious effort at identifying an error in the court's legal reasoning or a ground upon which the court's judgment should be amended, altered, or otherwise invalidated.[1] Plaintiff attaches numerous exhibits to his motion,[2] but he make no effort to demonstrate how these are either "newly discovered" or substantively germane. Because Plaintiff has failed to demonstrate any basis for post-judgment relief, his motion for reconsideration will be denied. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Reconsideration with Requ[e]st to File Brief Separately" is DENIED.

> s/Robert H. Cleland  /
> ROBERT H. CLELAND
> UNITED STATES DISTRICT JUDGE

Dated: December 6, 2022

---

[1]   Plaintiff seemingly indicates the court's August 19, 2022 came too early because he was working to amend his Complaint in accordance with an attorney's advice in July 2022. (ECF No. 10, PageID. 123-24.) However, the screening mandated by §1915(e)(2) "must occur even before process is served or the individual has had an opportunity to amend the complaint." *McGore v. Wriggleworth*, 114 F.3d 601, 609 (6th Cir. 1997). *See also Wimberly v. Embridge*, 93 Fed. Appx. 22, 23 (6th Cir. 2004) (stating that, pursuant to 28 U.S.C. § 1915(e)(2), the district court had no discretion to permit the non-prisoner IFP plaintiff to amend the complaint which was subject to *sua sponte* dismissal as written); *Brewer v. Cleveland Municipal School District*, 84 Fed. Appx. 570, 572 (6th Cir. 2003) (same).

[2]   Plaintiff also requested the court's permission to submit exhibits in traditional manner, which was granted on October 28, 2022. (ECF Nos. 14, 15.) To date, no new exhibit was submitted.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner  /  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-11509.SCHROEDER.MotionforReconsideration.NH.docx